IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JAMES ALLEN BROWN,

    Plaintiff,

v.

PHEOBE PUTNEY MEMORIAL
HOSPITAL;[1] ALBANY JAIL/DOUGHERTY
COUNTY JAIL; and
DIAGNOSTICS/JACKSON GDC,

    Defendants.

CIVIL ACTION NO.: 4:21-cv-38

## **O R D E R**

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's February 19, 2021, Report and Recommendation, (doc. 6), to which plaintiff has filed an objection, (doc. 9). For the following reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.

Plaintiff's claims derive from a 2015 incident in which he was arrested after receiving multiple gunshot wounds. (Doc. 1.) He alleges that he did not receive adequate medical care from Phoebe Putney Memorial Hospital at the time of his arrest. (Id. at 2–3.) His Complaint also alleges that events giving rise to his claims occurred at eight Georgia detention facilities. (Id. at 4.) Upon review of the pleadings, the Magistrate Judge found that the only claim related to this district—the denial of a cane while at Georgia State Prison—did not arise from the same transaction or occurrence as the other claims asserted and was, therefore, improperly joined.

---

[1] The Complaint misspells the name of Phoebe Putney Memorial Hospital. (Doc. 1.) The Court has adopted the spelling provided by plaintiff to avoid confusion.

(Doc. 6 at 2–3.) He recommended that the claims related to the denial of a cane be severed and dismissed as they are time-barred. (Id. at 3–4.) The Magistrate Judge further recommended that the remaining claims be transferred to the Middle District of Georgia. (Id. at 4–5.)

Plaintiff's objection takes the form of an Amended Complaint. (Doc. 9.) It does not directly address any of the deficiencies identified by the Magistrate Judge. Though the Amended Complaint continues to list three detention centers in this district—Georgia State Prison, Coffee Correction Facility, and Smith Transitional Center—it is silent as to what alleged injury occurred at those locations. (Id. at 7.) Plaintiff's claim that he was denied a cane while at Georgia State Prison has been seemingly abandoned, as it is not revived in the amendment. (Compare doc. 1 at 4 & 8 (discussing denial of cane) with doc. 9 (making no reference to the denial of a cane).) The closest that plaintiff comes to alleging that he suffered an injury in this district is in referencing the denial of a grievance alleging discrimination in not providing a lower lever cell and bunk. (Doc. 9 at 7.) This reference is not sufficiently clear and does not contain enough facts to constitute a plausible claim for relief. Moreover, "[a]n allegation that prison officials denied grievances does not 'support a finding of constitutional violations on the part of' those defendants." Gresham v. Lewis, No. 6:15-CV-86, 2016 WL 164317, at *3 (S.D. Ga. Jan. 13, 2016) (citing Bennett v. Sec'y, Fla. Dep't of Corr., No. 4:12CV32-MP/CAS, 2012 WL 4760856, at *1 (N.D. Fla. Aug. 27, 2012)), report and recommendation adopted, No. 4:12-CV-00032-MP-CAS, 2012 WL 4760797 (N.D. Fla. Oct. 2, 2012) (quoting Raske v. Dugger, 819 F. Supp. 1046, 1054 (M.D. Fla. 1993)); see also Ludy v. Nelson, No. 5:14-CV-73-MTT-CHW, 2014 WL 2003017, at *3 (M.D. Ga. Apr. 18, 2014), report and recommendation adopted, No. 5:14-CV-73 MTT, 2014 WL 2003096 (M.D. Ga. May 15, 2014) ("However, the mere fact that a prison official denies a grievance is insufficient to impose liability under § 1983.") (citing Gallagher v. Shelton, 587 F.3d

1063, 1069 (10th Cir. 2009), and Baker v. Rexroad, 159 Fed.Appx. 61, 62 (11th Cir. 2005)).

The objection also does not address the Magistrate Judge's recommendation that the remaining claims be transferred to the Middle District of Georgia. (Doc. 6 at 4–5.) Beyond non-specific references to Georgia Department of Corrections Facilities improperly deducting funds from Plaintiff's inmate account, (doc. 9 at 10), all of the alleged misconduct occurred in Dougherty County, Georgia. (Id. at 4–5.) Furthermore, all of the named defendants—with the exception of the Georgia Department of Corrections—are located in Dougherty and Butts Counties, Georgia. (Id. at 2–3.) Therefore, the Middle District of Georgia is the proper venue for the remaining claims. 28 U.S.C. § 1391(b) (venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); see also, 28 U.S.C. § 90(b) (defining Middle District of Georgia).

Accordingly, the Court **ADOPTS** the Report and Recommendation, (doc. 6), as its opinion. Plaintiff's claims derived from the denial of a cane while at Georgia State Prison are **SEVERED** and **DISMISSED**. The Clerk of Court is **DIRECTED** to **TRANSFER** all remaining claims to the Middle District of Georgia and to **CLOSE** this case.

**SO ORDERED**, this 24th day of June, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3